# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-_____

Matthew Oldenburg, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

EXPRESS MESSENGER SYSTEMS, INC. d/b/a ONTRAC and SAGACIOUS SERVICES GROUP, LLC, Defendants.

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

1. Plaintiff Matthew Oldenburg (Plaintiff" or "Oldenburg") brings this class and collective action against Express Messenger Systems, Inc., d/b/a Ontrac ("Ontrac") and Sagacious Services Group, LLC ("SSG") (collectively, "Defendants") on behalf of drivers who provided package delivery services for OnTrac and SSG in the state of Colorado and were classified as independent contractors.

2. OnTrac and SSG engage drivers to deliver packages from OnTrac's distribution center in Fort Collins, Colorado to business and residential customers throughout Colorado and neighboring states. OnTrac and SSG control, supervise, and direct the manner in which the drivers perform the package delivery services and benefit from the performance of these services. The drivers who perform these services, on whose behalf this class and collective action is brought, are improperly classified as independent contractors and thus are denied the protections of state and federal wage and hour laws and other rights and benefits of employees.

3. Plaintiff Oldenburg brings collective action claims on behalf of a collective of similarly situated drivers who have, during the past three years, performed package delivery services for OnTrac and SSG and were classified as independent contractors. OnTrac and SSG

1

have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay their drivers, including Plaintiff, one and one-half their regular rate for hours worked in excess of 40 hours per week. OnTrac and SSG have also violated the FLSA by failing to pay their drivers, including Plaintiffs, the federal minimum hourly wage for all hours worked.

4.   Plaintiff Oldenburg also brings class action claims on behalf of drivers who have performed package delivery services for OnTrac and SSG in Colorado and were classified as independent contractors. OnTrac and SSG have violated the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") by failing to pay their drivers, including Plaintiff Oldenburg, time and one-half their regular rate for hours worked in excess of 40 hours per week and/or 12 per day, by failing to pay their drivers, including Plaintiff Oldenburg, the state minimum hourly wage for all hours worked and by taking improper deductions from the drivers' pay for items which constituted Defendants' business expenses.

## JURISDICTION AND VENUE

5.   Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.   This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

7.   Venue is proper in this Court because the events giving rise to this action took place within this district, where Defendants do business, maintain a corporate presence, and have substantial contacts. Plaintiff and other similarly situated drivers performed deliveries for Ontrac and SSG out of OnTrac's distribution center in Fort Collins, Colorado.

## CLASS DEFINITIONS

8.     Plaintiff brings Counts I and II of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b)  as a collective action on behalf of himself and the following opt-in litigants:

> All former or current drivers who were classified as independent contractors while performing work for Express Messenger Systems, Inc., d/b/a Ontrac ("Ontrac") and Sagacious Services Group, LLC ("SSG") in the United States from August 16, 2014 to the present (the "FLSA Class").

9.     Plaintiff brings Counts III and IV of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All former or current drivers who were classified as independent contractors while performing work for Express Messenger Systems, Inc., d/b/a Ontrac ("Ontrac") and Sagacious Services Group, LLC ("SSG") in Colorado (the "Colorado Class").

10.    The FLSA Class and Colorado Class are together referred to as the "Classes."

11.    Plaintiffs reserve the right to redefine the Classes prior to filing a motion for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), prior to filing a motion for class certification pursuant to Fed. R. Civ. P. 23, and thereafter, as necessary

## PARTIES

12.    Plaintiff Matthew Oldenburg ("Oldenburg") is an adult resident of Fort Collins, Colorado. Oldenburg provided package delivery services for OnTrac and SSG as a purported independent contractor between January March 2018 and May 2018 in Fort Collins, Colorado.

13.    Defendant Express Messenger Systems, Inc., d/b/a OnTrac ("OnTrac") is a corporation domiciled in Delaware and registered and conducting business in Colorado under the trade name "OnTrac" which has its principal place of business in Chandler, Arizona.

14.    Defendant Sagacious Services, LLC ("SSG") is a Colorado corporation with its principal place of business in Loveland, Colorado.

15. OnTrac and SSG provide package and parcel delivery services to businesses and individuals.

16. Defendants employ individuals, including Plaintiff, who are engaged in interstate commerce and/or in the production of goods for interstate commerce or are engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

## FACTS

17. OnTrac provides regional same-day and overnight package delivery services within Arizona, California, Nevada, Oregon, Washington, Utah, Colorado and Idaho.

18. SSG provides regional same-day and overnight package delivery services for OnTrac's customers within Colorado. OnTrac enlists SSG to hire delivery drivers, coordinate delivery services and to enforce OnTrac's rules for deliveries.

19. Together, OnTrac and SSG operate as joint employers of Plaintiffs and other drivers who provide package delivery services for OnTrac.

20. SSG engages drivers to provide delivery services to or on behalf of OnTrac's customers. SSG obtains an exclusive right from OnTrac to operate within a specific service area. Service areas are established by OnTrac using zip codes. SSG is responsible for delivering all of the packages to OnTrac's customers within the zip code that corresponds to the service area. The RSPs lack their own, physical offices and, instead, operate entirely out of OnTrac's distribution center in Fort Collins, Colorado.

21. SSG enters into agreements with drivers, like Plaintiffs, for the drivers to deliver the packages from the OnTrac distribution center or the SSG warehouse to OnTrac customers in SSG's service area. Although the agreements between drivers and SSG state that the drivers are

hired by SSG as independent contractors, the economic reality of the arrangement is that the drivers are actually employees of OnTrac and SSG. Upon information and belief, OnTrac mandates that SSG classify drivers as independent contractors, as opposed to employees.

22. SSG is used as an intermediary in the delivery process, but OnTrac and SSG both control and supervise the delivery process. As alleged in more detail below, OnTrac exercises near-total control over the manner in which drivers perform package delivery services. SSG in turn closely monitors delivery drivers and enforces the requirements set by OnTrac.

23. Because OnTrac and SSG so completely control the drivers' performance of their duties, the drivers have no opportunity to utilize any managerial skills, let alone to profit from those skills. Drivers are typically forbidden by OnTrac and SSG from hiring any other drivers to assist with the completion of their deliveries. To work for OnTrac and SSG, drivers need not have any special skills. The delivery of packages, the only service provided by the drivers, is the sole and central purpose of OnTrac's business and OnTrac and SSG cannot make deliveries without the drivers. As a result, the economic realities of the drivers' relationships with OnTrac and SSG make clear that the drivers are OnTrac's and SSG's employees, not independent contractors.

24. Drivers are compensated on a per address basis, meaning they receive a flat rate for every address to which they deliver one or more packages. Drivers only receive payment for a delivery if OnTrac deems that the delivery has been completed.

25. OnTrac has the power to terminate any driver for any reason by instructing SSG to end its relationship with a driver. Additionally, OnTrac can, for any reason, prevent SSG from hiring a driver in the first place.

26. OnTrac forbids drivers from working simultaneously for SSG and another OnTrac

Regional Service Provider ("RSP") or for another delivery company.

27. Additionally, OnTrac and SSG forbid drivers from subcontracting with other additional drivers to deliver packages for them or assist in the delivery process. OnTrac and SSG enforce this policy by terminating or suspending or threatening to terminate or suspend drivers who attempt to subcontract with additional drivers to share or cover their routes.

28. Upon information and belief, OnTrac and SSG also require that drivers are responsible for covering their routes on all days for which the route is served, six or seven days per week. This requirement that drivers cover their routes at all times, combined with the prohibition on drivers hiring other drivers to share or cover their routes, means that drivers frequently work up to and over 12 hours a day, six or seven days in a week and, in reality, have no time to engage in other work.

29. Drivers are not expressly required to wear an OnTrac uniform. In practice, however, OnTrac terminates or suspends drivers for failing to comply with verbal uniform requirements, which consists of requiring drivers to wear an OnTrac shirt and hat, black shoes, and beige pants. SSG further enforces this OnTrac requirement. SSG managers instruct drivers to wear the uniform described above, inspect drivers' appearance before they leave the warehouse for the day, and send them home if they are not wearing their uniforms.

30. OnTrac specifies the type of vehicle that the drivers are permitted to use. Drivers cannot use any other type of vehicle to deliver packages. OnTrac and SSG have the discretion to terminate or suspend and, on information and belief, has terminated and suspended drivers for using an unapproved vehicle to deliver packages. Drivers who provide their own vehicles must pay for gas, maintenance, and all other expenses necessary to operate the vehicles.

31. Drivers use vehicles such as cars and vans, which weigh less than 10,000 lbs, to

make deliveries.

32. All drivers must have a special scanner in order to perform deliveries for OnTrac. OnTrac deducts a scanner fee of $5.25 a day from each driver's paycheck.

33. OnTrac and SSG control when and how drivers deliver packages to customers. Each day, drivers must arrive at the OnTrac distribution center. Upon arrival at the facility, the drivers report to SSG managers, who inform the drivers of the routes they will cover for the day. These daily routes themselves are assembled by OnTrac, not SSG. Each route includes mandatory time windows, set by SSG, during which drivers are required to deliver specific packages, thereby requiring that the drivers arrive at the OnTrac facility in time to meet OnTrac's assigned delivery schedule and continue working until all deliveries are completed within the mandated time window. Drivers do not have any control over which route they are assigned or the time windows during which they must make their deliveries.

34. After they are assigned a route, the drivers are required by OnTrac and SSG to load their vehicles with the packages for delivery. Drivers are required to sort packages at the warehouse, and assemble all the packages for their route and load them onto their vehicle. This process takes up to two hours a day. Once drivers finish loading their vehicles, they proceed to the OnTrac B office (located within the distribution facility), where OnTrac staff provide the drivers with a delivery manifest prepared by OnTrac. The delivery manifest sets forth each driver's name and OnTrac ID number, all deliveries for which the driver is responsible that day, and the time frame within which each package must be delivered.

35. Drivers then leave the distribution center to deliver packages. While in the field, OnTrac and SSG continue to exercise significant control over the drivers. SSG managers call drivers directly to provide specific instructions regarding how and when to deliver packages and

7

OnTrac provides delivery instructions to drivers via messages on their scanners. These instructions include, but are not limited to, instructing drivers when an OnTrac customer wants the delivery window shifted to an earlier or later time, providing specific instructions regarding where to leave a package at a delivery location, and monitoring the drivers' delivery times. OnTrac and SSG have the discretion to terminate or suspend and, on information and belief, has terminated and suspended drivers for failing to follow instructions provided by OnTrac for deliveries.

36.     In addition, OnTrac adds and cancels deliveries from a driver's manifest after the driver has left the distribution center. When deliveries are added to the manifest, the drivers have no choice but to accept and complete these additional deliveries, which require the driver to return to the distribution facility or some other location to pick up the package. OnTrac has the discretion to terminate or suspend and, on information and belief, has terminated and suspended drivers for failing to deliver packages added to the drivers' manifest after departing the distribution facility to begin their deliveries. When deliveries are cancelled, the drivers do not receive any compensation for those packages they are transporting.

37.     OnTrac and J&B also instruct drivers to pick up packages for delivery from customers within the drivers' delivery areas. OnTrac and J&B have the discretion to terminate or suspend and, on information and belief, have terminated and suspended drivers for failing to pick up packages as instructed.

38.     While drivers are out delivering packages, OnTrac dispatchers track the drivers' locations using the GPS in the OnTrac scanners. OnTrac dispatchers contact drivers directly or indirectly through J&B to complain if the drivers appear to be departing from the prescribed route for delivering the packages. OnTrac has the discretion to terminate or suspend and, on

8

information and belief, has terminated and suspended drivers for departing from the prescribed route for delivering packages. Accordingly, drivers are unable to choose the route to take to deliver their assigned packages.

39. OnTrac and SSG have the discretion to terminate or suspend and, on information and belief, have terminated and suspended drivers for failing to deliver packages within the time window set forth in the delivery manifests prepared and provided by OnTrac to drivers.

40. OnTrac requires that all drivers "clear" their route before they are free to stop working for the day. A route is not considered "cleared" unless (a) all packages on the drivers' manifest have been deemed delivered or undeliverable and, if applicable, (b) any undeliverable packages have been returned to the OnTrac distribution center and unloaded by the driver and (c) any packages picked up during the day have been delivered to the OnTrac distribution center or J&B warehouse and unloaded by the driver.

41. OnTrac determines whether the drivers' route has been cleared. If OnTrac determines that the route has not been cleared, OnTrac requires drivers to remedy whatever issue is preventing the route from being cleared. OnTrac and SSG have the discretion to terminate or suspend and, on information and belief, has terminated and suspended drivers for failing to clear their routes or failing to remedy issues that have prevented the route from being cleared.

42. Upon information and belief, OnTrac frequently unilaterally determines that a driver, for various reasons, including, but not limited to, failing to meet a delivery window or failing to comply with delivery instructions, will not be compensated for the delivery of a package to an address, even though the driver physically delivered the package to the address. When this occurs, OnTrac deducts the compensation for the delivery from the driver's paycheck.

43. Though the length of each driver's day can vary, drivers typically work more than

8 hours per day from the time they arrive at the OnTrac distribution center until OnTrac confirms their route is clear. Upon information and belief, drivers often work 12 or more hours from the time they arrive at the OnTrac distribution center until OnTrac confirms their route is clear.

44. Drivers, including Plaintiff, typically work more than 40 hours per week while providing services for OnTrac and SSG. However, drivers are never provided with time and one-half their regular rate of pay for hours worked greater than 40 hours in a work week.

45. Plaintiff Oldenburg frequently worked 6 or 7 days in a week for 8 or more hours per day. Consequently, he worked more than 40 hours in one week delivering packages for OnTrac and SSG. However, he only was paid his ordinary per delivery rate and was never paid any overtime pay.

46. At all relevant times, OnTrac and SSG are joint employers pursuant to the FLSA. *See* 29 C.F.R. § 791.2

47. Drivers, including Plaintiff, frequently are not paid for all hours worked at an hourly rate at or in excess of the minimum wage rates established by the FLSA, 29 U.S.C. § 206, and its implementing regulations, and the Colorado Wage Claim Act and Minimum Wage Act. In many weeks, the payment that the drivers, including Plaintiff, receive for performing delivery services, divided by the number of hours the drivers had performed those services has resulted and will continue to result in an hourly rate of pay below the relevant federal and Colorado minimum wages.

48. Moreover, OnTrac and SSG, by misclassifying drivers as independent contractors, force all drivers to bear all of the costs of performing delivery services, including, but not limited to, gasoline, tolls, vehicle maintenance (for those who provide their own vehicles), and insurance. Upon information and belief, when these expenses are taken into account, OnTrac and

10

SSG fail to pay an hourly rate of pay to drivers, including Plaintiff, equal to or greater than the applicable federal and Colorado minimum wages. See Colorado Wage Claim Act, § 8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order. In addition, OnTrac and SSG have vilated Colorado law by taking unlawful deductions from the drivers' pay for items which constituted Defendants' business expenses.

## COLORADO CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all drivers who delivered packages for Defendants in Colorado during the past six years and have been designated as "independent contractors" (the "Colorado Class").

50. Plaintiff and other Class Members have uniformly been misclassified as independent contractors.

51. The members of the Colorado Class are so numerous that joinder of all class members is impracticable. Based on information and belief, there are more than 40 potential members of the Colorado Class.

52. Common questions of law and fact exist as to members of the Colorado Class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these drivers are:

    a. Whether class members are employees of Defendants;

    b. Whether Defendants failed to properly pay drivers an hourly rate equal to or greater the Colorado minimum wage then in effect;

    c. Whether Defendants' failure to pay wages violates state and common law;

    d. Whether drivers are entitled to a declaratory judgment and other equitable and legal relief for Defendants' failure to classify and treat drivers as employees and not as independent contractors;

11

      e.      Whether Defendants were unjustly enriched by the acts and omissions complained of herein;

      f.       Whether Defendants made unlawful deductions from Plaintiffs' wages or unlawfully required drivers to bear Defendants' business expenses for vehicles, equipment, gas, insurance, and other costs and expenses of their business;

      g.      Whether Defendants wrongfully required Plaintiffs to expend money on Defendants' behalf;

      j.      The nature and extent of Colorado Class and any subclass injury and the appropriate measure of damages for the Colorado Class.

53.    Plaintiff Oldenburg is a member of the Colorado Class, who suffered damages as a result of Defendants' conduct and actions alleged herein.

54.    Plaintiff Oldenburg's claims are typical of the claims of the Colorado Class, and Plaintiff Oldenburg has the same interests as the other members of the class.

55.    Plaintiff Oldenburg will fairly and adequately represent and protect the interests of the Colorado Class. Plaintiff has retained able counsel experienced in class action litigation. The interests of Plaintiff Oldenburg are coincident with, and not antagonistic to, the interests of the other class members.

56.    The questions of law and fact common to the members of the Colorado Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

57.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for members of the Colorado Class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive

litigation. There will be no difficulty in the management of this action as a class action.

## COLLECTIVE ACTION ALLEGATIONS

58.     Plaintiff also brings this case as a collective action under 29 U.S.C § 216(b) on behalf of any drivers who delivered packages for Defendants within the last three years who may choose to "opt in" to this case.

59.     Plaintiff is similarly situated to all other drivers who delivered packages for Defendants, and there is a group of similarly situated employees who were subject to

60.     Defendants' common policies and who are entitled to notice of this action under 29 U.S.C § 216(b).

## COUNT I
### Violation of Fair labor Standards Act, 29 U.S.C. § 201, et seq. – Overtime
### (On Behalf of Plaintiff and the FLSA Collective)

61.     Plaintiff realleges and incorporate by reference all allegations in all paragraphs above as if fully set forth herein.

62.     The FLSA, 29 U.S.C. § 207(a)(2) provides in relevant part: no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

63.     The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. 203(d). The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. 203(g).

13

64. OnTrac is subject to the wage requirements of the FLSA because OnTrac is an "employer" under 29 U.S.C. § 203(d).

65. SSG is subject to the wage requirements of the FLSA because SSG is an "employer" under 29 U.S.C. § 203(d).

66. At all relevant times, Plaintiff and the FLSA Class Members are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

67. Plaintiff and FLSA Class Members are not exempt from the requirements of the FLSA.

68. Plaintiff and FLSA Class Members are entitled to be paid one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a regular workweek.

69. Defendants do not maintain accurate records of all hours that Plaintiff and FLSA Class Members worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

70. By the acts and omissions complained of above, including, inter alia, by failing to pay overtime wages for work in excess of 40 hours per week, Defendants have violated the FLSA.

71. Defendants' violations of the FLSA were willful and accordingly, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72. Pursuant 29 U.S.C. § 216(b), employers, such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

**COUNT II**
**Violation of Fair labor Standards Act, 29 U.S.C. § 201 et seq. – Minimum Wage**
**(On Behalf of Plaintiff and the FLSA Collective)**

73. Plaintiff realleges and incorporate by reference all allegations in all paragraphs above as if fully set forth herein.

74. The FLSA, 29 U.S.C. § 206 provides in relevant part:

Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than--
(A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
(B) $6.55 an hour, beginning 12 months after that 60th day; and
(C) $7.25 an hour, beginning 24 months after that 60th day.

75. The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. 203(d). The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. 203(g).

76. OnTrac is subject to the wage requirements of the FLSA because OnTrac is an "employer" under 29 U.S.C. § 203(d).

77. SSG is subject to the wage requirements of the FLSA because SSG is an "employer" under 29 U.S.C. § 203(d).

78. At all relevant times, Plaintiff and the FLSA Class Members are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

79. Plaintiff and FLSA Class Members are not exempt from the requirements of the FLSA.

15

80.     Plaintiff and FLSA Class Members are entitled to be paid in an amount at least equal to the applicable minimum wage.

81.     By the acts and omissions complained of above, including, inter alia, by failing to pay minimum wages, Defendants have violated the FLSA.

82.     Defendants' violations of the FLSA were willful and accordingly, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

83.     Each improperly paid Plaintiff and Collective Action Member, who performed or continues to perform services for Defendants for any time during the three years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action. Notice should be sent to all FLSA Class Members, as defined above, pursuant to 29 U.S.C. § 216(b).

84.     Pursuant 29 U.S.C. § 216(b), employers, such as Defendants, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT III
### Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.
### (On Behalf of Plaintiff and the Colorado Class)

85.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs as if fully set forth herein.

86.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Colorado Wage Claim Act. *See* Colo. Rev. Stat. Ann. § 8-4-101(6).

87.     At all relevant times, Defendants have employed, and/or continue to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act. *See* Colo. Rev.

16

Stat. Ann. § 8-4-101(5).

88. Plaintiff was an employee of Defendants between March 2018 and May 2018 within the meaning of the Wage Claim Act.

89. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the Wage Claim Act, Minimum Wage Act and FLSA thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

90. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial. Plaintiffs hereby demand payment on behalf of themselves and all Class Members in an amount sufficient to provide compensation for all illegal pay deductions and all straight-time and overtime hours worked that were not compensated properly. This demand for payment is continuing and is made on behalf of any current OnTrac and SSG employees whose employment terminates at any time in the future. Such payment should be made care of undersigned counsel at the listed address.

## COUNT IV
### Violation of the Colorado Minimum Wage Act, § 8-6-101, et seq.
### (On Behalf of Plaintiff and the Colorado Class)

91. Plaintiff realleges and incorporates by reference all allegations in all paragraphs above as if fully set forth herein.

92. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the Colorado Minimum Wage Act.

93. At all relevant times, Defendants have employed, and/or continue to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

94. Plaintiff was an employee of Defendants between March 2018 and May 2018

within the meaning of the Minimum Wage Act.

95. As a result of the foregoing conduct, as alleged, Defendants have violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

96. Pursuant Colo. Rev. Stat. Ann. § 8-6-118 and Colo. Code Regs. §1103-1:18, employers, such as Defendants, who fail to pay an employee wages in conformance with the Colorado law shall be liable to the employee for the unpaid wages, reasonable attorney's fees, and costs of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and the Classes and against Defendants as follows:

- a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

- b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

- c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Colorado Class, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

- d. Awarding Plaintiff and members of the Classes declaratory and/or injunctive relief as permitted by law or equity;

- e. Awarding Plaintiff and members of the Classes their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

- f. Awarding Plaintiff and members of the Classes their pre-judgment, post-judgment and moratory interest as provided by law;

- g. Awarding Plaintiff and members of the Classes liquidated damages and/or statutory penalties as provided by law; and

- 1. Awarding Plaintiff and members of the Classes such other and further relief as the Court deems just and proper.

Dated: October 3, 2018　　　　　　　　RESPECTFULLY SUBMITTED,

MATTHEW OLDENBURG,
individually and on behalf of all
others similarly situated,

Plaintiff,


/s/ *Harold Lichten*
Harold L. Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

Brian Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
(970) 214-0562
bgonzales@coloradowagelaw.com